53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward PICKETT, Defendant-Appellant.
 No. 94-3274.
 United States Court of Appeals, Tenth Circuit.
 May 1, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-Appellant Edward Pickett ("Pickett") appeals the imposition of a 78-month sentence, contending that the district court improperly enhanced his sentence under United States Sentencing Guidelines ("U.S.S.G.") 3B1.1(c) (Aggravating Role in the Offense).[2] We exercise jurisdiction under 28 U.S.C. 1291 and AFFIRM the sentence imposed by the district court.
 
 I. BACKGROUND
 
 3
 During October 1993, a confidential informant notified the Drug Enforcement Agency ("D.E.A.") that Pickett and Will Fulcher ("Fulcher") were distributing crack cocaine in Coffeyville, Kansas. On October 27, 1993, an undercover D.E.A. agent met with Pickett and Fulcher for the purpose of purchasing 28 grams of crack-cocaine. When Fulcher delivered 10.9 grams of crack cocaine to the agent, the agent asked for the additional agreed upon 17.1 grams. Fulcher explained that he would have to get that amount from his drug source who was waiting in the car. When Fulcher reached the car, Pickett, the drug source, told him that he did not have any more crack cocaine. Pickett then entered the negotiations and the 10.9 grams of crack cocaine were finally sold for $1,000.
 
 
 4
 Shortly thereafter, Pickett and Fulcher were charged in a one-count information with knowingly and intentionally distributing approximately 10.9 grams of crack-cocaine as well as in a four-count indictment charging counts of conspiracy to distribute and the distribution of crack-cocaine. See 21 U.S.C. 841(a)(1). On April 25, 1994, Pickett pled guilty to one count of conspiracy to distribute crack-cocaine. At a hearing on July 25, 1994, the government requested that the district court enhance Pickett's base offense level by two levels pursuant to U.S.S.G. 3B1.1(c). Over Pickett's objection that he could not be considered a "supervisor" of criminal activity under 3B1.1(c), the district court applied the two-level enhancement and sentenced him to 78 months in prison. The court explained that the enhancement was based on the fact that Pickett provided the crack-cocaine to Fulcher, who then distributed it to others. See R.O.A. Vol. II at 5.
 
 II. DISCUSSION
 
 5
 We must review the district court's factual findings justifying the 3B1.1(c) enhancement for clear error. See United States v. Litchfield, 959 F.2d 1514, 1521 (10th Cir.1992). Section 3B1.1(c) provides that "[i]f the defendant was an organizer, leader, manager or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels." In order to qualify for a 3B1.1 enhancement, the defendant must exercise "some degree of control over others involved in the commission of the offense" or be "responsible for organizing others for the purpose of carrying out the crime." United States v. Reid, 911 F.2d 1456, 1464 (10th Cir.1990) (internal quotations omitted), cert. denied, 498 U.S. 1097 (1991); see also Litchfield, 959 F.2d at 1522 ("there must be some element of control or organization of other people" in order to apply 3B1.1). That is, the minimum requirement necessary to merit the 3B1.1(c) enhancement is that Pickett gave "some form of direction or supervision to someone subordinate in the criminal activity." United States v. Mandilakis, 23 F.3d 278, 280 (10th Cir.) (internal quotations omitted), cert. denied, 115 S.Ct. 362 (1994).
 
 
 6
 Pickett argues that he does not qualify as a "supervisor" for purposes of a 3B1.1(c) enhancement because: (1) he received his crack-cocaine from another source; (2) he and his partner were co-equals as evidenced by the fact that both pled guilty to conspiracy; and (3) the district court did not make an explicit finding that Pickett managed at least one other individual. As the government points out, the fact that Pickett received his cocaine from another source cannot immunize him from a 3B1.1(c) enhancement because almost all drug distributors receive their drugs from some other source. Secondly, the mere fact that both Pickett and Fulcher pled guilty to conspiracy does not necessarily prove that Fulcher was not subordinate to Pickett; indeed, the facts suggest just the opposite. That is, Fulcher indicated that he needed to speak with Pickett, his "drug source," before delivering the requested additional quantity. Moreover, after speaking with him, Pickett entered into and oversaw the negotiations. Finally, we view the district court's reference to Pickett's provision of crack-cocaine to Fulcher so that he could sell it to others as implicitly finding that Pickett managed Fulcher in the selling of crack-cocaine. Thus, it was not clearly erroneous for the district court to apply the 3B1.1(c) enhancement to Pickett's sentence.
 
 III. CONCLUSION
 
 7
 For the reasons explained above, we AFFIRM the sentence imposed by the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court also granted Pickett's motion to proceed in forma pauparis pursuant to 28 U.S.C.1915(a)